**James SHIELDS, Plaintiff/Appellant,**

v.

**PAROLE ELIGIBILITY REVIEW BOARD, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section.

May 6, 1994.

Application for Permission to Appeal Denied by Supreme Court July 25, 1994.

James Shields, pro se.

Charles W. Burson, Atty. Gen. and Reporter, John B. Nisbet, III, Asst. Atty. Gen., Crim. Justice Div., Nashville, for defendant/appellee.

### OPINION

TODD, Presiding Judge.

The plaintiff has appealed from the dismissal of his complaint for failure to state a claim for which relief can be granted.

The complaint asserts that it is filed pursuant to T.C.A. § 4–5–224 seeking declaratory judgment. It alleges that plaintiff is in the custody of the Department of Corrections, that the defendant, Parole Eligibility Board,

misclassified him and thereby denied him an acceleration of parole eligibility which was granted to others similarly incarcerated; that the Board arbitrarily denied him a release date without reasonable and rational basis; that he has been denied due process and equal protection; and that he has petitioned for and been denied a declaratory ruling.

The complaint prays:

1. That the defendant show cause why it did not set plaintiff a release date when it set other release dates to inmates who were similarly situated.

2. That the defendant show cause why it sees fit to discriminate against this plaintiff from other habitual criminals who are in the same category as plaintiff, has violent charges, and who also is in the same category (category #2) as the plaintiff.

3. That the court order the review board to set plaintiff a release date just as it did others who were similarly situated, and as mandated by T.C.A. 40–35–601.

4. That the court rule that the review board did violate plaintiff's rights to due process and equal protection when there was no reasonable and rational basis in arbitrarily denying plaintiff a release date while giving release dates to others who were similarly situated.

Attached to the complaint is a letter from the Chairman of the Parole Eligibility Review Board informing plaintiff that the Board had decided not to grant plaintiff a new date.

Part 6 of Chapter 35 of Title 40 of Tennessee Code Annotated is entitled, "Parole Eligibility Review Board." It was enacted as Chapter 1017, Public Acts of 1992, effective July 1, 1992. Section 1 of the Act provides:

The Board and its Authority terminate on July 1, 1993.

The complaint was filed on July 9, 1993. The judgment of the Trial Court was entered on September 10, 1993.

T.C.A. § 40–35–602 provides:

**Parole eligibility review.**—(a) The board shall review the sentences of all offenders convicted as an habitual criminal pursuant to title 39, chapter 1, part 8. The board's review authority shall not include the sentence of an offender convicted as an habitual offender if the offender's triggering offense was an offense against the person. The board review authority shall not include authority to give credit toward early release or parole of an offender convicted of first or second degree murder. With respect to robbery offenses, "offense against the person" means a robbery accomplished by the use of a deadly weapon or any robbery in which the victim suffered bodily injury. The purpose of the review authorized is to determine those habitual criminal offenders who shall be granted a release eligibility date comparable to the release eligibility date which they would have if the offender were convicted and sentenced for the triggering offense under the Criminal Sentencing Reform Act of 1989. If this date is earlier than the habitual criminal offender's current release eligibility date, the board is authorized to amend the release eligibility date and certify this information to the commissioner of correction and to the chairperson of the board of paroles.

(b) The board may review the release eligibility dates of other categories of felons convicted prior to the Criminal Sentencing Reform Act of 1989.

(c) Those offenders granted an earlier release eligibility date shall be notified in writing of the board's decision, which is final and not subject to further review.

(d) For purpose of the review authorized in subsections (a) and (b), the parole eligibility review board shall have access to all records and such other information as would be available to the board of paroles in determining parole for any offender.

(e) Any prisoner sentence reduction credits earned by an inmate whose release eligibility date has been amended shall continue to be applied against the original release eligibility and sentence expiration date. [Acts 1992, ch. 1017, § 1; 1993, ch. 524, §§ 1, 2.]

■ Subsection (a) *requires* the Board to review all habitual sentences. It limits the authority of the Board to exclude offenders whose "triggering offense was an offense

against the person and those convicted of first or second degree murder." Authority is granted to the Board to amend release eligibility dates, but the grant of such amendment is not mandatory, hence it must be discretionary.

█ Subsection (c) requires that offenders receiving an earlier release eligibility be notified in writing. There is no requirement that any other offender receive any notice of the action of the Board. The same subsection provides that the Board's decision is final and not subject to review. This means that the usual judicial review of administrative decisions is not available in respect to the actions of the Board.

The prayers of the complaint demonstrate that it is not an application for declaration of rights, but for mandatory relief. The grant of mandatory relief against a non-existent agency would be an exercise in futility.

█ The office of mandamus is to execute, not adjudicate, and it does not ascertain or adjust claims or rights. If the right is doubtful, it must first be established in some other form of action. *State, ex rel Matthews v. Metropolitan Government of Nashville and Davidson County,* Tenn.1984, 679 S.W.2d 946.

█ Plaintiff's suit is based upon the assumption that he has a statutory right to a new eligibility date.

The statute, quoted above, does not confer an enforceable right to a new parole eligibility date. It confers upon the Board the authority and discretion to grant such.

The complaint does not state a claim for which the requested relief can be granted.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff, for which costs execution may issue. The cause is remanded to the Trial Court for collection of costs there incurred.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.